EDMONDSTON SUPPLY AND EQUIPMENT CORPORATION, APPELLANT, v. EISLER ELECTRIC CORPORATION, RESPONDENT.

Submitted October 27, 1939—Decided January 25, 1940.

For the appellant, *Sydney L. Jacobs.*

For the respondent, *H. David Zerman.*

The opinion of the court was delivered by

PARKER, J. This is plaintiff's appeal from a judgment on verdict in the Supreme Court.

The suit was based on a contract made by the defendant to make and furnish certain electrical supplies to plaintiff. The amount of the contract was $17,500 and the plaintiff paid $4,500 down in advance. The suit was to recover back this money after some five years, on the ground that the defendant had failed to do anything by way of performing the contract. There was a defense and a counter-claim. The defense was that a man named Ade, claimed by defendant to be an agent of the plaintiff, had agreed with the defendant on certain oral alterations to the contract, extending the time, &c., and the counter-claim was in substance that the plaintiff had unlawfully put an end to the contract, whereby defendant suffered loss of more than $7,000.

The trial judge submitted all these questions to the jury, and instructed them, among other things, that the agency of Ade, if any, might be inferred from circumstances appearing in the evidence, even although the plaintiff had not expressly notified the defendant that Ade was its agent.

The jury found no cause of action as regards the plaintiff's claim, and it also found no cause of action as regards the counter-claim. The defendant did not appeal.

The first ground of appeal charges general error in giving judgment; and the next five grounds all attack the verdict as contrary to evidence and contrary to law, &c. On well settled principles, none of these grounds has any legal efficacy.

Ground 7 is that the court refused to grant a nonsuit in favor of the plaintiff and against the defendant on the counter-claim. Assuming error in this regard, it was cured by the verdict of the jury, who found against the defendant, on the counter-claim, as already noted.

Ground 8 is that the court refused to direct for the plaintiff, on the grounds that no agency of Ade was shown, and that there was no evidence of any breach by plaintiff. We consider that the case was for the jury in both aspects.

Ground 9 brings up a number of questions said to be erroneously admitted. All related to conversations between Ade

and defendant's witness Fox, and the objections were predicated on the assumption that Ade's agency was not shown. Of course, admission of conversations with Ade was dependent on the finding of the jury that Ade was an agent and, on the assumption that the jury might find that he was, as they evidently did find, the questions naturally were properly admitted.

Grounds 10 to 14 relate to the admission of certain exhibits. They all seem to be letters written by the defendant to Ade and, of course, their competency also hangs on the question whether Ade was plaintiff's agent.

We conclude that no legal error appears, and consequently the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   16.

*For reversal*—None.